**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PA.**
**CIVIL ACTION**

| | | |
|---|---|---|
| ELLEN WEDEMEYER | : | No. 2003-CV- |
| 321 Trites Avenue | : | |
| Norwood, PA 19074 | : | |
|     Plaintiff | : | |
| | : | |
|     vs. | : | |
| | : | |
| FREDERICK G. PARKER, JR. | : | |
| 512 Buckingham Drive | : | |
| Sewell, NJ 08080 | : | |
|     and | : | |
| CIVVY A. VONNIEDA | : | |
| 3103 Chadbury Road | : | |
| Mt. Laurel, NJ 08054, | : | PLAINTIFF DEMANDS TRIAL |
|     Defendants | : | BY JURY OF TWELVE (12) |

**COMPLAINT**

**I.   STATEMENT OF JURISDICTION**

1.   Plaintiff Ellen Wedemeyer is a resident and citizen of the Commonwealth of Pennsylvania.

2.   Defendant Frederick G. Parker, Jr. is a resident and citizen of the State of New Jersey.

3.   Defendant Civvy A. Vonnieda is a resident and citizen of the State of New Jersey.

4.   The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

**II.   AMOUNT IN CONTROVERSY**

5.   The claim of Plaintiff Ellen Wedemeyer, exclusive of interest and costs, exceeds One Hundred and Fifty Thousand Dollars ($150,000); and, therefore, this claim is not subject to Compulsory Arbitration under Rule 53.2 of the United States District Court for the Eastern District of Pennsylvania.

### III.   IDENTITY OF PARTIES

6.     Plaintiff Ellen Wedemeyer is an adult individual, resident and citizen of the Commonwealth of Pennsylvania, currently residing at 321 Trites Avenue, Norwood, Delaware County, Pennsylvania.

7.     Defendant Frederick G. Parker, Jr., is an adult individual, resident and citizen of the State of New Jersey, currently residing at 512 Buckingham Drive, Sewell, New Jersey 08080. At all times pertinent to the cause of action stated in this Complaint, Defendant Frederick G. Parker, Jr. was the principal, master, director and/or employer of Defendant Civvy A. Vonnieda, who at all times pertinent to this cause of action was acting within the course and scope of her employment by this Defendant.

8.     Defendant Civvy A. Vonnieda is an adult individual,  resident and citizen of the State of New Jersey, currently residing at 3103 Chadbury Road, Mt. Laurel, New Jersey 08054. At all times pertinent to the cause of action giving rise to this Complaint, the said Defendant Civvy A. Vonnieda was the agent, servant, workperson and/or employee of Defendant Frederick G. Parker, Jr., and was acting within the course and scope of her said employment or other legal or factual relationship with Defendant Frederick G. Parker, Jr.

### IV.   FACTUAL ALLEGATIONS

9.     On or about April 19, 2001, at or about 7:43 a.m., Plaintiff Ellen Wedemeyer was operating a certain 1996 Chrysler Sebring in a northbound direction on South High Street, in the Borough of West Chester, Chester County, Pennsylvania, and was stopped in a line of traffic behind a motor vehicle waiting to make a left turn from South High Street onto Sharpless Street.

10.     On or about April 19, 2001, at or about 7:43 a.m., Defendant Civvy A. Vonnieda was operating a certain 1997 Pontiac Sunfire, owned by Defendant Frederick G. Parker, Jr., in a

2

northbound direction on South High Street, directly behind the vehicle of Plaintiff Ellen Wedemeyer.

11.     At all times pertinent to the cause of action giving rise to this Complaint, the motor vehicle operated by Plaintiff Ellen Wedemeyer was either at a complete stop or was virtually stopped in the aforementioned line of traffic.

12.     At all times pertinent to the cause of action giving rise to this Complaint, the motor vehicle owned by Defendant Frederick G. Parker, Jr., and operated by Defendant Civvy A. Vonnieda, was in motion, until after its impact with the vehicle of the Plaintiff.

13.     Suddenly, and without warning or legal justification, the motor vehicle operated by Defendant Civvy A. Vonnieda violently struck the motor vehicle operated by Ellen Wedemeyer, causing the injuries, damages and other losses more specifically set forth hereinafter.

## V.     ALLEGATIONS OF NEGLIGENCE AGAINST DEFENDANT CIVVY A. VONNIEDA

14.     Defendant Civvy A. Vonnieda, at all times pertinent to this cause of action, was operating the motor vehicle of Defendant Frederick G. Parker, Jr. and was acting in her individual capacity and/or as the agent, servant, workperson and/or employee of said Defendant, within the course and scope of her employment or other legal or factual relationship with Defendant Frederick G. Parker, Jr.

15.     The accident in question was caused solely and completely by the actions and/or omissions of the Defendants, and was not caused, completely or to any extent whatsoever, by any actions, failures to act or negligence on the part of the Plaintiff.

16.     The negligence of Defendant Civvy A. Vonnieda consisted of, but was not limited to, the following:

3

a.      operating the motor vehicle of Defendant Frederick G. Parker, Jr. at an excessive rate of speed under the circumstances;

b.      failure to have the motor vehicle that she was operating under proper and adequate control;

c.      following too closely behind the motor vehicle of the Plaintiff;

d.      failure to observe, acknowledge and honor the point, position and safety of the Plaintiff and her vehicle;

e.      failure to apply the braking system on her vehicle, or negligently applying said braking system, when by doing so in a safe and proper manner would have avoided the subsequent impact and injuries to the Plaintiff;

f.      failure to maintain a proper lookout for vehicles lawfully proceeding or stopped in front of this Defendant, such as the vehicle operated and occupied by the Plaintiff;

g.      intentionally or negligently diverting her attention from the roadway and vehicles in front of her, while operating her motor vehicle;

h.      failing to operate her motor vehicle at a speed and in a manner, and under such control, as would have permitted her to bring her vehicle to a complete and safe stop within the assured clear distance ahead;

i.      violation of the Pennsylvania Motor Vehicle Code with regards to speeds of vehicles on highways, vehicles approaching a stopped line of traffic, assured clear distance ahead, maintaining constant vigilance of the roadway and vehicles in front of the operator, and allowing a safe stopping distance between the said vehicle and vehicles proceeding in front of same.

## VI.   ALLEGATIONS OF NEGLIGENCE AGAINST DEFENDANT FREDERICK G. PARKER, JR.

17.     All allegations against Defendant Civvy A. Vonnieda are imputed and incorporated herein against this Defendant, on the bases and theories of agency, management, employer/employee relationship, respondeat superior and common purpose or plan.

18.     In addition to the foregoing allegations, Defendant Frederick G. Parker, Jr. was also negligent on a theory of negligent entrustment, by offering, allowing and permitting the motor vehicle owned by him to be operated by Defendant Civvy A. Vonnieda, when this Defendant knew, or through the exercise of reasonable caution and diligence, should have and would have been able to determine that said Defendant (Civvy A. Vonnieda) was incapable of operating said vehicle in a safe and proper manner.

## VII.   TORT OPTION SELECTION

19.     At the time of the subject accident, Plaintiff Ellen Wedemeyer was insured under a policy of automobile liability coverage with American Home Insurance Company (AIG), which policy carried the limited tort option; however, Plaintiff Ellen Wedemeyer is permitted to proceed against the Defendants in this matter for economic as well as noneconomic detriment, for the following reasons:

   a.     The motor vehicle owned and operated by the Defendants was registered and insured in a state (New Jersey) other than Pennsylvania;

   b.     Plaintiff Ellen Wedemeyer sustained a "serious injury" as defined by Pennsylvania law and the cases decided thereunder.

## VIII.   INJURIES, DAMAGES AND LOSSES

20.     **Injuries**.  As a result of the aforementioned negligence of the Defendants,

incorporated herein, Plaintiff Ellen Wedemeyer sustained certain injuries, all or some of which, or the effects of which, may and probably will be permanent in nature, to the great emotional and financial detriment and loss of this Plaintiff.  These injuries include, but are not limited to, the following:

     a.      Headache Syndrome;

     b.      Post-Concussion Syndrome;

     c.      Hyperextension/Hyperflexion Injury, Cervical Spine

     d.      Brachial Radiculopathy;

     e.      Lumbar Sprain/Strain;

     f.      Lumbosacral Radiculopathy;

     g.      Thoracic Sprain/Strain;

     h.      Chest pain;

     i.      Cephalgia;

     j.      Cervical Strain;

     k.      Displacement of Meniscus;

     l.      Dizziness - Vertigo;

     m.      Headache - Facial Pain;

     n.      Muscle Spasms - head and neck;

     o.      Neck Whiplash;

     p.      Otalgia;

     q.      Tinnitus;

     r.      Trauma to TMJ;

     s.      Memory Loss, short-term and long-term;

t.      Cognitive Disorder (Traumatic Brain Injury);

u.      Adjustment Disorder with Mixed Anxiety and Depressed Mood, Chronic;

v.      Inability to Perform Vocational Responsibilities;

w.      Reduced Social Contact;

x.      Great pain and suffering;

y.      Mental anguish.

21.     **Medical Expenses**. As a result of the accident and the injuries sustained as a result of the negligence of the Defendants, Plaintiff Ellen Wedemeyer has incurred certain medical expenses, and may and probably will incur further medical expenses in the future, perhaps on a permanent basis, in an effort to treat and cure herself of her injuries, all to her great emotional and financial detriment and loss. As of this date, said medical expenses exceed the amount covered by the automobile insurance policy of Ms. Wedemeyer; and, therefore, Plaintiff seeks damages against the Defendants to cover all excess medical expenses, now and into the future.

22.     **Income Losses.** As a result of the negligence of the Defendants and the injuries sustained by Plaintiff Ellen Wedemeyer, Plaintiff has been unable to engage in her normal economic activities, to her great emotional and financial detriment and loss. At the time of the accident, Plaintiff was employed as a school administrator, earning $91,000 per year. Plaintiff has been unable to engage in that activity; and, in fact, Plaintiff has lost that job as a direct result of this accident. Therefore, the economic losses to the Plaintiff, from the loss of her job, amount to $91,000 per year, now and into the future, on a permanent basis. It is estimated that the total loss to the Plaintiff will be approximately $2,700,000. This amount exceeds the $15,000 in coverage which the Plaintiff had on her automobile insurance policy; and, therefore, Plaintiff seeks recovery of this excess amount from the Defendants.

23.    As a direct result of the negligence of the Defendants and the injuries sustained by the Plaintiff, Plaintiff has suffered great pain, suffering and mental anguish, permanent interruption of her normal, daily and customary routine, and the loss of life's pleasures.

WHEREFORE, Plaintiff Ellen Wedemeyer demands judgment against the Defendants in the following amounts and for the following reasons:

a.    Liquidated damages in the amount of $2,700,000, for loss of past and future income;

b.    Unspecified damages for excess medical expenses; and

c.    Unspecified and unliquidated damages for pain, suffering, mental anguish and loss of life's pleasures.

The amount sought by the Plaintiff against the Defendants is in excess of the Compulsory Arbitration limits; and, therefore, a trial by jury of twelve (12) is demanded.

LAW OFFICES OF JOEL S. ROBBINS

By: _____
_____    Joel S. Robbins, Esquire
                                     I.D. #15705
                                     707 Moore Station, Suite 200
                                     P.O. Box 300
                                     Prospect Park, PA 19076
                                     (610) 532-3500
                                     Attorney for Plaintiff

8